IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CASE NO. 3:21-mj-23 |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | **(UNDER SEAL)** |
| | ) | |
| KEON ASHAD SCOTT | ) | |

## MOTION TO SEAL

The United States of America, by and through its undersigned Assistant United States Attorney, hereby moves this Court to seal the criminal complaint, the affidavit in support of criminal complaint, the arrest warrant, this Motion to Seal, and any Order to Seal to follow in this matter. The Court has the inherent authority to seal these documents. *See Baltimore Sun v. Goetz*, 886 F. 2d 60 (4th Cir. 1988). The purpose of the Government's request is to protect the information contained within these documents to avoid the disclosure of an ongoing investigation at this time.

The criminal complaint, and affidavit in support of criminal complaint contain information pertaining to an ongoing investigation being conducted by the Bureau of Alcohol Tobacco Firearms and Explosives (ATF) in Columbia, South Carolina. Disclosure of that information would seriously jeopardize the investigation by alerting targets to the existence of the investigation, as well as any charges and arrest warrant associated with the criminal complaint. This is of particular concern where the target here has a history of flight, firearm possession, threats, and alleged violence. Further, disclosure would give targets the opportunity to destroy or tamper with evidence, change patterns of behavior, flee from prosecution, and endanger the safety of law enforcement and other individuals. For these reasons, the Government submits that the interests in sealing the criminal complaint, and affidavit in support

of criminal complaint outweigh the common-law public right of access and that sealing is "essential to preserve higher values." *See Media Gen. Operations, Inc. v. Buchanan*, 417 F.3d 424, 429-31 (4th Cir. 2005). The Government further contends that any less restrictive measure, such as redacting portions of the documents would not serve to protect the interests of the Government, as knowledge of the mere existence of these documents, alone, would jeopardize the investigation in the ways articulated above. *In re Search of Office Suites for World & Islam Studies Enterprise*, 925 F. Supp. 738, 744 (M.D. Fla. 1996) (rejecting redactions of affidavit due to "concerns that unsealing even a portion of the affidavit would reveal, either explicitly or by inference, the scope and direction of the Government's investigation"); *In re Search Warrants for Nat'l Builders Corp.*, 833 F. Supp. 644, 646 (N.D. Ohio 1993) (finding that sealing of search warrant affidavit was justified when "[v]irtually every page of the of the affidavit contain[ed] references to conversations and events, and reveal[ed] the nature and scope of the on-going government investigation, including individuals not within the scope of the search warrant").

Based on the foregoing, the Government requests that all papers associated with the criminal complaint, to include the affidavit in support of criminal complaint, this motion and any order to seal, be filed under seal except that working copies should be made available to the United States Attorney's Office, ATF, and any other law enforcement agency designated by the United States Attorney's Office.

Respectfully submitted,

PETER M. MCCOY, JR.
UNITED STATES ATTORNEY

By: s/Elliott B. Daniels
Elliott B. Daniels (Fed ID # 11931)
Assistant United States Attorney
1441 Main Street, 5th Floor
Columbia, SC 29201
Phone: 803-929-3000

        Fax: 803-254-2912
        Elliott.Daniels@usdoj.gov

Columbia, South Carolina
February 22, 2021